| UNITED STATES BANKRUPTCY COURT | Hearing Date: May 17, 2011 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 10:00 a.m. |

------------------------------------------------------------x

In re                                        Chapter 11

FRANCIS GROUP HOLDING CORP.,                 Case No. 10-43296 (JF)

                                Debtor.

------------------------------------------------------------x

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
APPROVAL OF THE DEBTOR'S DISCLOSURE STATEMENT**

Tracy Hope Davis, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this objection (the "Objection") to the approval of the proposed disclosure statement (the "Disclosure Statement") submitted by Francis Group Holding Corp. (the "Debtor"), dated April 1, 2011, in support of its plan of reorganization (the "Plan"). For the reasons set forth below, the Disclosure Statement is deficient and does not meet the "adequate information" standard set forth in 11 U.S.C. § 1125(a).

## I. INTRODUCTION

The Debtor's Disclosure Statement is deficient in its current form because it contains inadequate information concerning: (1) a potentially improper discharge of the Debtor in violation of Section 1141(d)(3), (2) the means by which professional fees will be paid, (3) preference and fraudulent conveyance actions and (4) the Debtor's quarterly United States Trustee fee obligations, The Disclosure Statement does not contain "adequate information" for creditors with respect to the Plan under 11 U.S.C. §1125(a). The Court should, therefore, deny approval of the Disclosure Statement in its current form. As many of the United States Trustee's objections and comments relate to issues that are repeated in the Plan, any amendments to the

1

Disclosure Statement should be accompanied by corresponding amendments to the Plan.

## II. FACTS

1. On April 16, 2010 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF No. 1. The Debtor filed its schedules on the Petition Date. Id.

2. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.

3. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

4. The Debtor scheduled three parcels of real property (collectively, the "Properties"): 180 Linden Boulevard, Brooklyn, NY (the "Linden Property") with a scheduled value of $946,000.00, 287 Clarkson Avenue, Brooklyn, NY (the "Clarkson Property") with a scheduled a value of $466,000.00 and 394 Rutland Road (the "Rutland Property") with a scheduled value of $768,000.00. ECF No. 1, Schedule A.

5. The Debtor scheduled $119,500.00 in personal property, $110,000 of which consisted of monies owed to the Debtor by Roger Francis and Roy Francis, the Debtor's principals. ECF No. 1, Schedule B.

6. On Schedule D , the Debtor scheduled a $470,000.00 mortgage encumbering the Rutland Property, a $314,000.00 mortgage encumbering the Clarkson Property, and a $1,000,000.00 mortgage encumbering the Linden Property. ECF No. 1, Schedule D.

7. The Debtor scheduled no priority unsecured debt on Schedule E and the majority of the $743,854.48 in general unsecured debt on Schedule F appears to be insider debt. ECF No.

1, Schedule F, Disclosure Statement, ¶ 12.

8. Upon motion of the Debtor, by Order dated May 11, 2010, the Court set June 25, 2010 as the last day to file proofs of claim. ECF No. 21.

9. To date, the Claims Register contains thirteen claims filed against the Debtor totaling $2,900,619.69. See Claims Register, Claims 1-13. This sum total comprises: (1) unsecured claims totaling $7,498.38; (2) secured claims totaling $2,866,427.31; and (3) priority claims totaling $26,694.00. Id.

10. On April 1, 2011, the Debtor filed the Plan and the Disclosure Statement. ECF Nos. 57 and 59. The Plan provides the Debtor with a period of time to refinance the Properties, at the expiration of which the Properties will be sold under Section 363. Disclosure Statement, ¶ 15.

### III. OBJECTION

A disclosure statement must contain "adequate information." 11 U.S.C. § 1125(b). The statute defines "adequate information" in general terms to mean:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, . . . and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

The facts and circumstances of each case govern the precise information required in a disclosure statement. Kirk v. Texaco, 82 B.R. 678, 681 (S.D.N.Y. 1988) (citing H.R. Rep. No.

3

595, 95th Cong., 1st Sess., 408-409 (1977), U.S.C.C.A.N. 1978, 5787, 6365) ("[p]recisely what constitutes adequate information in any particular instance will develop on a case-by-case basis"); accord In re Cardinal Congregate I, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990). See also In re Ionosphere Clubs, Inc., 179 B.R. 24, 29 (S.D.N.Y. 1995) (the court may require disclosure appropriate to the circumstances of each case).

The benchmark opinion In re Metrocraft, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) cites nineteen non-exclusive factors that courts evaluate when deciding whether a disclosure statement contains adequate information. See also In re Ferretti, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (citing eighteen of the Metrocraft factors). The disclosure statement must contain all pertinent information bearing on the success or failure of the proposals in the plan of reorganization and disclose the risks posed to creditors and equity security holders under the proposed plan of reorganization. Cardinal Congregate, 121 B.R. at 764.

The Court should deny approval of the Disclosure Statement. It is lacking in meaningful, necessary, and critical information and, therefore, does not meet the minimal requirements of 11 U.S.C. § 1125. See In re Microwave Prods., Inc., 100 B.R. 376, 378 (Bankr. W.D. Tenn. 1989) (disclosure statement that lacks meaningful, necessary and critical information should be disapproved).

**A.     Potentially Improper Discharge of the Debtor**

Section 1141(d)(3) of the Bankruptcy Code provides, in part, that

The confirmation of a plan does not discharge a debtor if -

>   (A) the plan provides for the liquidation of substantially all of the property of the estate;
>
>   (B) the debtor does not engage in business after consummation of the plan; and

4

> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3).

The Plan provides the Debtor with a period of time to refinance the Properties, at the expiration of which the Properties will be sold under Section 363. Disclosure Statement, ¶ 15. In addition, Paragraph 61 of the Disclosure Statement references Section 11.1 of the Plan which provides for a discharge of the Debtor. Disclosure Statement, ¶ 61. All provisions relating to discharge of the Debtor should modified to provide that this Debtor is only entitled to a discharge it successfully refinances. Otherwise, the Debtor is not entitled to a discharge as this would be a liquidating case, the Debtor will not engage in business after consummation of the plan and, as a corporate debtor, the Debtor would not eligible for a discharge in a case under chapter 7. See 11 U.S.C. § 1141(d)(3)(A); 11 U.S.C. § 727(a)(1); In re MCorp Fin., Inc., 137 B.R. 219, 228 (Bankr. S.D. Tex. 1992) (chapter 11 plan could not provide for discharge of incorporated debtor where plan provided for liquidation of debtor's estate, debtor did not intend to engage in business after consummation of plan, and debtor, as corporation, would not receive a discharge in a chapter 7 case).

**B.     Professional Fees**.

The Disclosure Statement contains insufficient information with respect to the outstanding professional fees that the Debtor will have to pay on the Effective Date of the Plan. See Metrocraft, 39 B.R. at 568 (requiring estimates of attorneys' fees as twelfth factor). The Debtor discloses that outstanding professional fees will be paid on the Effective Date unless the professional agrees to different treatment. See Disclosure Statement, ¶ 34. The Disclosure

Statement does not, however, mention any specific arrangement between the Debtor and its professionals regarding the payment of professional fees over time. Outstanding fees to be paid on the Effective Date and any arrangement with the professionals must be fully disclosed.

**C.     Preference and Fraudulent Conveyance Actions.**

The Disclosure Statement contains inadequate information with respect to the Debtor's potentially viable avoidance action recoveries. See Metrocraft, 39 B.R. at 568 (discussing, "actual or projected realizable value from recovery of preferential or otherwise voidable transfers," as sixteenth factor). The Disclosure statement vaguely states that

> The Debtor is unaware of any avoidance actions at this time, but reserves the right to interpose such actions for a period of 90 days after the Effective Date.

Disclosure Statement, ¶ 48. The Disclosure Statement should be amended to specifically disclose (1) what efforts the Debtor has undertaken to identify potential fraudulent conveyance and avoidance actions and( 2) if fraudulent conveyance and avoidance actions are identified, and successfully prosecuted, in the future, to whose benefit will the proceeds enure. See Metrocraft, 39 B.R. at 568 (listing discussion of Debtor's "financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan" as fourteenth factor).

**D.     Payment of Quarterly Fees.**

Neither the Disclosure Statement nor the Plan include sufficient information regarding the Debtor's obligation to pay quarterly fees due both before and after confirmation. Both the Disclosure Statement and Plan should be amended to provide that the Debtor shall pay all pre-confirmation quarterly fees, under 28 U.S.C. §1930, plus accrued interest, under 31 U.S.C. § 3717, on the Effective Date. With respect to post-confirmation quarterly fees, the Debtors

should amend the Plan and Disclosure Statement to include the following paragraph:

> The reorganized debtors shall pay all statutory fees due and payable, under 28 U.S.C. § 1930, plus accrued interest under 31 U.S.C. § 3717, on all disbursements, including plan payments and disbursements inside and outside of the ordinary course of business, until the entry of a final decree, dismissal or conversion of the case to chapter 7.

## IV. **CONCLUSION**

For the reasons set forth in this Objection, the United States Trustee requests that the Court sustain her Objection, disapprove the Disclosure Statement in its current form and grant other relief as is just.

Dated: Brooklyn, New York
       May 11, 2011

                                          Respectfully submitted,

                                          TRACY HOPE DAVIS
                                          UNITED STATES TRUSTEE

By:   */s/ William E. Curtin*
       William E. Curtin (WC-1974)
       Trial Attorney
       271 Cadman Plaza East, Room 4529
       Brooklyn, New York 11201
       Tel. No. (718) 422-4960
       Fax. No. (718) 422-4990